## H. W. WILSON COMPANY v. NORTHWESTERN SCHOOL SUPPLY COMPANY.[1]

July 21, 1916.

Nos. 19,729—(125).

**Action for rent — verdict sustained by evidence.**
The record contains evidence sufficient to support the verdict.

Action in the district court for Hennepin county to recover a balance of $488.49 for rent during the months of July and August, 1914. · The defense set up is stated in the opinion. The case was tried before Molyneaux, J., and a jury which returned a verdict in favor of defendant. Plaintiff's motion for a new trial was denied. From the judgment entered pursuant to the verdict, plaintiff appealed. Affirmed.

*Van Derlip & Lum,* for appellant.
*Robert S. Kolliner* and *Ware & Junell,* for respondent.

SCHALLER, J.

Action for balance due for rent of certain premises. Defense, payment in full, consisting of certain cash items, credits for commissions and return of goods and certain overpayments made to the plaintiff by the defendant under the terms of a contract between the parties, defendant claiming that at the close of the transaction the plaintiff owed a small balance to the defendant. The case was tried to a jury which returned a verdict for the defendant. Plaintiff moved for a new trial. The motion was denied and judgment was entered for defendant. Plaintiff appeals.

The plaintiff and defendant entered into a contract under the terms of which plaintiff leased to the defendant the premises in question. Among other things it was agreed that the plaintiff should leave on consignment to defendant a certain stock of books, school supplies and publications, and that the defendant should use due diligence to sell

[1]Reported in 158 N. W. 828.

the goods and receive in compensation for its services commissions on sales made by it.

There is evidence that certain inventories were taken, and that a certain summary statement of goods delivered was prepared by the plaintiff and delivered to the defendant. There is also evidence that subsequently the prices and articles contained in the summary list, aggregating at list price $25,410.72, were agreed upon, and that price fixed as the total value of the articles delivered to the defendant. It is conceded that merchandise to the amount of $399.20 was thereafter delivered to defendant by plaintiff, and that there was due to the plaintiff the sum of $600 for rent for the months of July and August, 1914. The aggregate of these three sums is $26,409.92.

There is evidence in the record from which the jury might find that the defendant was entitled to credit for goods sold at retail, goods bought outright, discounts, goods returned and errors in accounts in the sum of $26,344.47, and that it had made payment by check and credit for rent in the sum of $122.01, a total credit of $26,466.48. If these facts were found by the jury, there would appear to be a balance in favor of defendant of $56.56. The defendant did not ask for a verdict for that sum, and at its request the jury were instructed that they should not find for the defendant for any specific amount. The defendant strenuously insisted that the summary statement must be taken as the basis on which the amounts were to be figured and, as already stated, introduced evidence tending to show that such was the agreement of the parties. This the plaintiff controverted, insisting on certain inventory books as the basis. A great deal of evidence was introduced to show the manner of taking the inventory; that the same was taken by the plaintiff and its employees; that defendant took no part in the taking thereof, and that the summary and other statements were prepared by the plaintiff and accepted by the defendant who never took an inventory until the transaction was closed. Evidence was also introduced to show that the footings of some of the groups in the inventory which went into the summary statement were in some respects erroneous, and further evidence was introduced to show what the correct footings were. This evidence, in its turn, was controverted by evidence introduced on behalf of the plaintiff.

It is conceded that there are no questions of law involved in this appeal. The errors assigned and the argument on behalf of the plaintiff all go to the question whether or not there is sufficient evidence to support the verdict. An examination of the record discloses that there is evidence from which the jury might have adopted either the contention and calculations of the plaintiff or the contention and figures of the defendant. The trial court instructed the jury that they should base their calculations on the original inventory, Exhibit G, which is in evidence. The jury having the exhibits before them could make the necessary calculations. An examination of Exhibit G and Exhibit 6 discloses some discrepancies but not enough to affect the result. For instance, certain items were found in Exhibit 6 which are not shown on Exhibit G and in one instance the number of articles is set down but no price is fixed. By taking Exhibit G as a basis and making the necessary additions, the jury could have found the inventory value of the goods delivered. It is presumed that they have done their duty and obeyed the directions given by the trial court. In any event, two or three hours' work on these exhibits (G and 6) would demonstrate that the figures given in the summary (Exhibit 3), and those testified to by plaintiff's witness were not accurate. The evidence is sufficient to sustain the verdict. The trial court has approved it and we do not feel that we should disturb it.

Judgment affirmed.